IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:09-cv-00586-MSK-MJW

PARTMINER WORLDWIDE INC.,

**Plaintiff,**

v.

SILICONEXPERT TECHNOLOGIES INC. and JEFFREY J. WILLIAMS,

**Defendants.**

---

## STIPULATED PROTECTIVE ORDER

( Docket No. 34-2 )

Plaintiff PartMiner Worldwide, Inc. ("Plaintiff" or "PartMiner"), through its attorneys Holme, Roberts and Owen LLP, Defendant SiliconExpert Technologies, Inc. ("SiliconExpert"), through its attorneys Carr and Ferrell LLP, and Defendant Jeffrey J. Williams ("Williams"), through his attorneys The Overton Law Firm, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

A. All production and disclosure of "Confidential Information" – as defined in paragraph B, below – shall be governed by this Order.

1

#1423369 v1 den

B. "Confidential Information" (including as a subset any documents marked "Attorneys' Eyes Only") as used herein means any information that qualifies for protection under standards developed under F.R.Civ.P. 26(c) that is designated as sensitive by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. Confidential Information does not include information that was in the public domain before disclosure to the non-producing party, or that becomes part of the public domain after disclosure to the non-producing party through no action or fault of the non-producing party.

C. The **"Confidential – Attorneys' Eyes Only"** designation ("AEO designation") shall be limited to confidential material that contains or comprises sensitive personal, accounting, financial, product, marketing, research and development, customer or commercial information which, if known to the other party, even subject to the non-disclosure provisions of this Order, would expose the producing party to competitive harm or a substantial risk of serious injury that could not be avoided by less restrictive means.

D. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or

2

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

E. Confidential Information shall not be used or disclosed by any party for any purpose whatsoever other than in the preparation for and trial of this matter and any appeal thereof; provided, however, any party may use its own Confidential Information for any purpose whatsoever.

F. All Confidential Information shall be marked by placing on the initial page or cover of a multi-page document (including deposition transcripts), one of the following designations, or a designation containing the same information, but in a different format:

1. "CONFIDENTIAL"; or

2. "CONFIDENTIAL INFORMATION – THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER;" or,

3. "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

G. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, the party objecting to the Confidential designation shall file an appropriate motion [consistent with D.C.Colo.LCivR 7.2 and 7.3] with the Court requesting resolution of the matter. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order. The

*[handwritten margin: MJW 8-24-09]*

3

party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

H. If a party disputes an Attorneys' Eyes Only designation, each party agrees to first attempt to resolve the dispute by redacting portions of the document designated Attorneys' Eyes Only in order for the document(s) to be designated Confidential.

I. Confidential Information shall not be disclosed to any person or entity other than:

1. The Parties and those corporate parties' officers, directors, and employees with a need to know the Confidential Information for purposes of assisting in the above-captioned action.

2. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

3. Any witness with prior knowledge of the Confidential Information and/or prior or current possession of the documents to be disclosed, subject to execution of Exhibit A;

4. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the

preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to execution of Exhibit A; and,

5. Any court reporter engaged in connection with this matter (or any of his or her staff or employees);

6. Court personnel involved in this litigation; and

7. Any other person with the express consent of the designating party.

J. Access to any document marked "Confidential – Attorneys' Eyes Only" received by the non-producing party shall be restricted to the following persons:

1. The outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

2. Experts retained by a party, or his or its counsel, subject to their execution of Exhibit A;

3. Any court reporter engaged in connection with this matter (or any of his or her staff or employees);

4. Court personnel involved in this litigation; and

5. Defendant Williams.

K. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with C.R.C.P. 121, Section 1-5.

L. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential – Attorneys' Eyes Only" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Confidential – Attorneys' Eyes Only" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

M. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

N. This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, all Confidential Information (and any copies thereof) shall be returned, upon request, to the party who produced such material. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Information may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

O. The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

IT IS SO ORDERED.

Dated this 24TH day of August, 2009.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

s/Randall H. Miller
Randall H. Miller
Holme Roberts & Owen, LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80202
*Attorneys for PartMiner Worldwide, Inc.*

s/Dan S. Cross
Dan S. Cross
Overton Law Firm
1080 Kalamath Street
Denver, CO 80204
*Attorneys for Jeffrey J. Williams*

s/Stuart C. Clark
Stuart C. Clark
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303
*Attorneys for SiliconExpert Technologies, Inc.*

# **EXHIBIT A**

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have received a copy of the Protective Order in *PartMiner Worldwide Inc. v. SiliconExpert Technologies, Inc. and Jeffrey J. Williams.*, Civil Action No. 09 CV 00586-MSK-MJW, in the United States District Court for the District of Colorado.

5.    I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any Confidential Information.

6.    I hereby consent to be subject to personal jurisdiction in the United States District Court for the District of Colorado with respect to any proceeding relative to the enforcement of the Protective Order.

_____
Signature

Date:

8

#1423369 v1 den