IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00586-MSK-MJW

PARTMINER WORLDWIDE INC.,

Plaintiff,

v.

SILICONEXPERT TECHNOLOGIES INC,
JEFFREY J. WILLIAMS, and
AVNET INC.,

Defendants.

---

# RECOMMENDATION REGARDING
# PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS' DESTRUCTION OF EVIDENCE AND DISOBEDIENCE OF COURT ORDERS
# (DOCKET NO. 169)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Sanction for Defendants' Destruction of Evidence and Disobedience of Court Orders (docket no.169). The court has reviewed the subject motion (docket no. 169), the response (docket no. 175), and the reply (docket no.189). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

In the subject motion (docket no. 169), Plaintiff argues that Defendants should be sanctioned for their failure to preserve and for having destroyed material relevant

evidence. In addition, Plaintiff argues that sanctions should be imposed against the Defendants for their failure to comply with court orders. Thus, Plaintiff seeks an order from this court for the following relief against Defendants:

(1) An Order for sanctions against Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A) and <u>Zubulake v. UBS Warburg, LLC</u>, 220 F.R.D. 212, 216 (S.D.N.Y. 2003);

(2) An Order directing Defendants to respond to all of Plaintiff's requests for production and all discovery requests outlined in the subject motion (docket no. 169);

(3) An Order that a new mirror image of Defendants' hard drives be produced at Defendants' expense with full and free access to all documents for Plaintiff;

(4) Any other just and appropriate remedy reasonably necessary to deter conduct like that of the Defendants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." <u>Hutchinson v.</u>

Pfeil, 105 F.3d 562, 566 (10th Cir. 1997);

5. That "[t]o ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents that may be relevant to pending or imminent litigation." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007) (citing Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation"));

6. That "'[s]poliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Id. (and cases cited therein);

7. That "[t]he court has inherent power to impose sanctions for the destruction or loss of evidence." Id. (and cases cited therein). "Federal courts have authority to impose a variety of sanctions for spoliation including dismissal of the action." Kokins v. Teleflex Inc., 2007 WL 4322322, *2 (D. Colo. Dec. 6, 2007) (Miller, J.). "When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: 1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual

prejudice to the other party." Id. (quoting Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc., 1998 WL 68879, *13 (10th Cir. Feb. 20, 1998) (unpublished)). "[T]he destruction need not be in bad faith to warrant spoliation sanctions." Id.;

8. That "[t]he movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." Ernest v. Lockheed Martin Corp., 2008 WL 2945608, *1 (D. Colo. July 28, 2008);

9. That under the specific facts of this case, Defendants SiliconExperts and Williams were put on notice of potential trade secrets violations by Defendant Williams on **September 12, 2008.** See PartMiner Inform. Serv., Inc. v. Williams, Case No. 08-cv-1991 filed in the Arapahoe County District Court, Colorado, on September 12, 2008, which was one week after Defendant Williams was hired by Defendant SiliconExpert. See 9/11/08 offer letter, sealed Exhibit B contained in docket no. 167. As of this date, Defendants SiliconExperts and Williams had an obligation to preserve non-privileged materials concerning potential trade secrets, whether such materials were in hard copy format or in electronically stored information ("ESI") format. Under the particular circumstances presented here, preservation of such material in either hard copy format or ESI format would not have constituted an impractical, undue burden because the sources of

such information were quite limited.  Furthermore, on **September 19, 2008**, Plaintiff sent a letter to Defendants placing them again on notice of trade secret material and the potential for litigation.  See 9/19/08 notice letter, Exhibit C contained in docket no. 168.  Defendant Williams admitted retaining and using Plaintiff's materials after being notified on September 19, 2008, that he was not permitted to do so.  On October 15, 2008, in connection with the Arapahoe County case, Defendant Williams revealed to Plaintiff that he still possessed a Plaintiff's branded "flash drive" that contained, among other trade secrets, lists of Plaintiff's customers, contract values, and contract expiration dates.  See Complaint, Docket no. 1, paragraphs 62-66 and 10/28/08 letter, Exhibit P contained in docket no. 168.  That on March 6, 2009, Plaintiff sent another letter to Defendant SiliconExpert reiterating that Defendant Williams and former employee of Plaintiff Mr. Holbrook were bound by the confidentiality agreements with Plaintiff and that any transmission of Plaintiff's trade secrets to Defendant SiliconExpert would be a violation.  See 3/6/09 cease and desist letter, Exhibit E contained in docket no. 168;

10. That this action was commenced on March 18, 2009, when the Complaint was filed in the United States District Court for the District of Colorado (Docket No. 1), and within such Complaint

there is a claim for misappropriation of trade secrets. Even giving the benefit of the doubt to Defendants, as of the commencement of this action on **March 18, 2009,** Defendants unquestionably had an obligation to preserve and produce non-privileged information that may be relevant to this litigation;

11. That in their motion papers, the parties have provided their own lengthy accounts of their perspectives of the course of discovery in this case, including ESI. Those summaries provided factual background to the court. The entire course of discovery, however, need not be summarized herein, nor do any rulings need to be made concerning any objections to any discovery demands or responses mentioned in the summaries. Such rulings are not sought in the instant motion, and a summary of the entire course of discovery and a discussion of any disputes that arose during that course of discovery are not necessary for the court to rule on the issues of whether ESI was destroyed, whether any such destruction was done intentionally or in bad faith, whether sanctions should be imposed, and what sanctions, if any, should be imposed;

12. That on September 29, 2009, Plaintiff served upon Defendants written discovery requests, including Requests for Productions ("RFP") Nos. 5, 7, 8, and 9. Defendant Williams did not respond to Plaintiff's written discovery requests, and on **January 21, 2010**, this

court entered a minute order granting Plaintiff's Motion to Compel Defendant Williams' Discovery Responses.  See docket no. 84.  As to the discovery responses by Defendant SiliconExpert, this court tried to assist the parties in working out such discovery dispute during the settlement conference held by this court.  Part of the discovery dispute between Plaintiff and Defendant SiliconExpert was worked out between the parties with the help of the court.  Nevertheless, this court had to enter another Minute Order granting Plaintiff's Motion to Compel Discovery from Defendant SiliconExpert.  See docket no. 131.  It should be noted that Defendant SiliconExpert now takes the position in its response (docket no. 175) that it did not understand that it needed to provide full and complete responses to Plaintiff's discovery requests and also takes the position that Magistrate Judge Watanabe's Minute Order (docket no. 131) is ambiguous because it did not "explain what the term 'customers' of PartMiner encompassed" when, in fact, all of the parties knew that, at a minimum, it encompassed the list of PartMiner customers created by Defendant Williams.  This court finds Defendant SiliconExpert's argument in this regard baseless, without foundation, and not supported by the events that have taken place during the discovery phase of this case;

13. That Defendants' supplemental discovery responses are incomplete and are improperly limited.  Defendants did not produce

any documents, e-mails from the fall of 2008, and transmittal e-mails or lists related to Plaintiff as per the discovery requests listed above even though Defendant Williams testified that he e-mailed one of the customers lists that was on the PartMiner flash drive to Vineet Chaudhary at Defendant SiliconExpert. See sealed Exhibits M and L contained in docket no. 167. Clearly, the transmittal e-mail from Defendant Williams to Chaudhary would show when Defendant Williams sent it, how broadly it was distributed, and may contain commentary or purpose that shows intent or even malice and is discoverable. Even though Defendant SiliconExpert owns the computer equipment that Defendant Williams and employee Chaudhary uses at Defendant SiliconExpert, Defendant SiliconExpert has taken the position that it does not have any transmittal e-mails. It is unclear whether Defendant SiliconExpert actually checked Chaudhary's computer for such information;

14. That Defendants deny any wrongdoing and deny deleting or destroying any information from Defendant Williams' computer or other computers owned and operated by Defendant SiliconExpert. Defendants further deny, in essence, by their Response (docket no. 175), installing, downloading, or using any wiping software on any computer;

15. That "the general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that

production of the document would have been unfavorable to the party responsible for its destruction." Aramburu v. Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." Id.;

16. That "'bad faith' is the antithesis of good faith and has been defined in the cases to be when a thing is done dishonestly and not merely negligently. It is also defined as that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. at 635;

17. That there is no "smoking gun" establishing who caused the loss of data on the computers, but the evidence strongly supports the conclusion that the person was Defendant Williams or someone acting on his behalf. Nevertheless, the court finds that the Plaintiff has shown by a preponderance of the evidence that after the duty to preserve the ESI on Defendant Williams' computer arose, the Defendants failed to preserve evidence and, in fact, destroyed it in bad faith and intended to prevent disclosure of relevant evidence on Defendant Williams' computer and other computers owned and operated by Defendant SiliconExpert. This finding is primarily based upon the highly-suspect timing of the mysterious disappearance of ESI in conjunction with the letters listed above

and the filing of this lawsuit and the Arapahoe County lawsuit. The inference can be and has been drawn by this court that the timing of the destruction indicates that whoever was responsible knew that the evidence discovered would very well reveal information Defendants did not want revealed. Furthermore, the timing of such destruction of ESI was after the time in which the Defendants had an obligation to preserve such evidence;

18. That there is no evidence upon which the court can conclude that defense counsel had knowledge of the destruction of evidence;

19. That "the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction. . . . Courts must take care not to hold[] the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence, because doing so would subvert the purposes of the adverse inference, and would allow parties who have . . . destroyed evidence to profit from that destruction." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 109 (2d Cir. 2002) (internal quotations omitted). "Where a party destroys evidence in bad faith, that bad faith alone is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party."

Id. See Aramburu v. Boeing Co., 112 F.3d at 1407;

20. That the plaintiff has adduced sufficient evidence to support an inference that some of the missing data was harmful to Defendants. The court agrees with Plaintiff that these computers were the most important sources holding ESI relevant to the matters at issue in this case. Furthermore, there is evidence that e-mail was exchanged between Defendant Williams and Chaundrey concerning the subject trade secret information that has not been turned over to Plaintiff;

21. That Plaintiff's ability to litigate its claims has been substantially prejudiced by the Defendants' failure to preserve potentially relevant and responsive ESI;

22. That Defendants' failure to preserve such discovery ("ESI") has forced the Plaintiff to incur considerable additional discovery expenses;

23. That while the court finds that the destruction of evidence here was the result of willfulness and bad faith, upon consideration of the circumstances presented in the instant motion and the so-called "Ehrenhaus factors,"[1] the extreme, severe sanction of a dispositive

---

[1] "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks

sanction, namely, entry of default judgment (albeit tempting under the circumstances presented here) is not recommended. "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Id. at 921; and

24. That an adverse inference instruction to the jury at trial, which instructs that the jury infer that the destroyed evidence would have been unfavorable to the Defendants, should be permitted. In addition, Plaintiff should be permitted to amend its claims to add a claim for exemplary damages based on the adverse inference. Furthermore, Plaintiff should be awarded its costs and attorney fees for this motion and for the additional discovery expenses incurred as a result of the Defendants' failure to preserve, including compensation for the time and expense involved in the forensic examination of the computer files.

**RECOMMENDATION**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

---

and citations omitted).

court **RECOMMENDS**:

1. That Plaintiff's Motion for Sanction for Defendants' Destruction of Evidence and Disobedience of Court Orders (docket no. 169) be **GRANTED**;

2. That based upon the spoliation of evidence by Defendants, an adverse inference jury instruction be permitted and that Plaintiff be permitted to amend its Complaint to add a claim for exemplary damages based on the adverse inference;

3. That Defendants shall make an unredacted mirror image of the hard drives on each computer for each employee of Defendant SiliconExpert and an unredacted mirror image of the hard drive of Defendant Williams' computer at Defendants' expense and deliver the same to Plaintiff on or before October 22, 2010. That the unredacted mirror images of these computer hard drives will be covered by the Protective Order that this court has previously entered;

4. That Defendants shall respond to all discovery requests as outlined in the subject motion (docket no. 169) with full and complete responses on or before October 22, 2010; and

5. That Plaintiff be awarded its attorney fees and costs (including expert costs) for this motion and for the additional discovery expenses incurred as a result of the Defendants' failure to

preserve, including compensation for the time and expense involved in the forensic examination of the computer files.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [a magistrate judge's order] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."**

Done this 23rd day of September 2010.

                                        BY THE COURT

                                        <u>s/ Michael J. Watanabe</u>
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE