IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00586-MSK-MJW

PARTMINER WORLDWIDE INC.,

Plaintiff,

v.

SILICONEXPERT TECHNOLOGIES INC, and
JEFFREY J. WILLIAMS,

Defendants.

---

**ORDER REGARDING**

**(1) MOTION BY SILICONEXPERT FOR RECONSIDERATION BY DISTRICT JUDGE OF MAGISTRATE JUDGE'S ORDER STRIKING EVIDENTIAL [SIC] OBJECTIONS (DOCKET NO. 205),**

**(2) MOTION BY SILICONEXPERT AND WILLIAMS FOR AN ORDER PERMITTING ORAL ARGUMENT ON OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION ON PARTMINER'S SANCTIONS MOTION (DOCKET NO. 207),**

**AND**

**(3) MOTION BY SILICONEXPERT AND WILLIAMS FOR RECONSIDERATION OF RECOMMENDATIONS OF MAGISTRATE JUDGE WITH REGARD TO PLAINTIFF PARTMINER'S MOTION FOR SANCTIONS (DOCKET NO. 208)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration of (1) Motion by Siliconexpert for

Reconsideration by District Judge of Magistrate Judge's Order Striking Evidential [sic]

2

Objections (docket no. 205), (2) Motion by Siliconexpert and Williams for an Order Permitting Oral Argument on Objections to Magistrate Judge's Recommendation on Partminer's Sanctions Motion (docket no. 207), and (3) Motion by Siliconexpert and Williams for Reconsideration of Recommendations of Magistrate Judge with Regard to Plaintiff Partminer's Motion for Sanctions (docket no. 208).  These motions were referred by Judge Krieger to Magistrate Judge Watanabe for ruling.  (See docket nos. 225, 226, 227, 228).

The court has reviewed the three subject motions listed above and the responses (docket nos. 216, 217, and 219).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions;

4. That "[t]he Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).

"Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" <u>National. Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc.</u>, 115 F. Supp.2d 1250, 1256 (D. Colo. 2000) (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" <u>Id.</u> (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." <u>Id.</u>;

5. That Defendant Siliconexpert's motions for reconsideration (docket nos. 205 and 208) do not demonstrate any grounds warranting reconsideration. Defendant has not set forth any manifest error of law or fact or present newly discovered evidence that warrant a change in this court's previous rulings. My recommendations were neither clearly erroneous nor contrary to the law and were reasonable and supported by the evidence. There is no compelling reason to reconsider this court's previous rulings contained in docket nos. 193 and 194;

6. That with respect to docket no. 205, I note that Defendants filed a "surreply" that they labeled "Evidential Objections" (docket no. 190). Defendants did not seek leave to file such surreply, nor was there

any new evidence or argument in the reply brief that could warrant a surreply. See Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006) (a party must seek leave to file a surreply, and surreplies are only warranted if the court relies on new evidence or argument that is in the reply brief); Green v. New Mexico, 420 F.l3d 1189, 1196-97 (10th Cir. 2005); and

7. That as to docket no. 207, I find that oral argument would not materially aid in my decision making.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Motion by Siliconexpert for Reconsideration by District Judge of Magistrate Judge's Order Striking Evidential [sic] Objections (docket no. 205) is **DENIED**;

2. That Motion by Siliconexpert and Williams for an Order Permitting Oral Argument on Objections to Magistrate Judge's Recommendation on Partminer's Sanctions Motion (docket no. 207) is **DENIED**;

3. That Motion by Siliconexpert and Williams for Reconsideration of Recommendations of Magistrate Judge with Regard to Plaintiff Partminer's Motion for Sanctions (docket no. 208) is **DENIED**; and

4. That each party shall pay their own attorney fees and costs for

these three motions.

Done this 9th day of November 2010.

                                             BY THE COURT

                                             <u>S/ Michael J. Watanabe</u>
                                             MICHAEL J. WATANABE
                                             U.S. MAGISTRATE JUDGE